IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-1988-AP

ROCKY MOUNTAIN WILD,
GRAND CANYON TRUST,
CENTER FOR BIOLOGICAL DIVERSITY,
SIERRA CLUB,
SOUTHERN UTAH WILDERNESS ALLIANCE,
BIODIVERSITY CONSERVATION ALLIANCE, and
LIVING RIVERS,

    Plaintiffs,

v.

NEIL KORNZE, Principal Deputy Director, Bureau of Land Management, and
U.S. BUREAU OF LAND MANAGEMENT,

    Defendants; and

AMERICAN PETROLEUM INSTITUTE,

    Proposed Defendant-Intervenor.

---

### ORDER GRANTING MOTION TO INTERVENE, DOC. 7

Kane, J.

American Petroleum Institute ("API") moves to intervene in this administrative challenge to nine amendments in Resource Management Plans (the "RMP Amendments") permitting future oil shale and oil sands[1] research and development leasing on certain federally owned lands in Utah, Colorado, and Wyoming.  Doc. 7.  API is a national trade association representing over five hundred companies active in the oil and natural gas industry in the United States. API's motion is timely and its members have economic interests in the development of oil shale and oil sands resources within the federal lands governed by the RMP Amendments. The relief Plaintiffs

---

[1] Also referred to as "tar sands."

seek—including an injunction against the issuance of oil shale or oil sands leases and development approvals—would significantly impair those interests. Defendants Neil Kornze and the United States Bureau of Land Management ("BLM")(collectively the "government defendants") do not oppose API motion's; Plaintiffs do.

I find, at minimum, that API may permissively intervene per Fed.R.Civ.P. 24(b). Permissive intervention is left to my discretion. *Kiamichi R.R. Co. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993). The threshold inquiry for permissive intervention is whether the proposed intervenor has a "claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Once that threshold question has been met, I may consider other factors, including (1) whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights; (2) whether the would-be intervenor's input adds value to the existing litigation; (3) whether the petitioner's interests are adequately represented by the existing parties; and (4) the availability of an adequate remedy in another action. *Lower Ark. Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008).

The threshold requirement is met because, if permitted to intervene, API will assert defenses that respond directly to Plaintiffs' Claims and are based on the Administrative Record. *See Kootenai Tribe v. Veneman*, 313 F.3d 1094, 1110 (9th Cir. 2002) (holding that the common-question requirement was met in an administrative appeal where intervenors "asserted defenses . . . directly responsive to the claims for injunction asserted by plaintiffs"), *cited in Kane Cnty. v. United States*, 597 F.3d 1129, 1136 (10th Cir. 2010), *and overruled in part on other grounds*, *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1178 (9th Cir. 2011). The discretionary factors also favor intervention in this action.

First, API's motion is timely, causes no undue delay[2], and prejudices no one. API filed its motion before the parties filed their Proposed Joint Case Management Plan and its intervention will not disrupt the progression of this case. Second, API's perspective as a leading trade association for America's oil and natural gas industry and its experience and expertise regarding oil shale and oil sands extraction add value to the litigation. Third, API's interests are not adequately represented by the government defendants. The Tenth Circuit has "repeatedly recognized that it is on its face impossible for a government agency to carry the task of protecting the public's interests and the private interests of a prospective intervenor." *WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1199 (10th Cir. 2010); *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1115 (10th Cir.2002)("[T]he government's prospective task of protecting not only the interest of the public but also the private interest of the petitioners in intervention is on its face impossible and creates the kind of conflict that satisfies the minimal burden of showing inadequacy of representation."(quotation marks and citation omitted)). Finally, API has no adequate substitute remedy. If API is not permitted to intervene in this case, it has no other forum in which to defend the RMP Amendments. An adverse decision in this court could significantly harm API and its members' interests. Fairness requires that API be able to defend those interests here.

For the foregoing reasons, API's Motion to Intervene, Doc.7, is GRANTED.

---

[2] Although Plaintiffs argue that certain affirmative defenses that API asserts in its proposed answer would delay adjudication of the merits of the dispute, I note that they do not specify which of API's defenses would cause needless delay, much less why. In any event, the fact that API has asserted additional defenses that have not yet specifically been raised by the government defendants makes me all the more willing to grant intervention, so that API can represent and protect its own interests through these defenses. While I concede that API's intervention may result in a modicum of delay, such is certainly not undue.

DATED: February 11, 2014 BY THE COURT:

*s/John L. Kane*
John L. Kane, U.S. Senior District Judge